In the Matter of a Petition to Annex Certain Territory to the Village of Mettawa, Lake County, Illinois. John A. Millington, et al., Petitioners-Appellees, v. Central Standard Life Insurance Company, a Corporation, and Chicago Title and Trust Company, as Trustee Under its Trust No. 42438, et al., Objectors-Appellants.

Gen. No. 11,517.

Second District, Second Division.

December 19, 1961.

Runyard, Behanna & Conzelman, of Waukegan, McCarthy & Toomey, of Chicago, for appellant.

Eva Schwartzman, of Libertyville, for appellee.

SPIVEY, P. J.

The County Court of Lake County entered an order finding an annexation petition for certain territory to the Village of Mettawa, Illinois, conformed to Article VII of the Revised Cities and Villages Act (Chap 24, Sect 7-1 et seq., Ill Rev Stat 1959). The order further directed the question of annexation be submitted to the corporate authorities for final action.

The annexation petition contained all of the necessary allegations required by Section 7-2 of the Act. As required by Section 7-4 of the Act, the petition was supported by the affidavit of one of the petitioners. Omitting formal matters, the affidavit reads as follows,

"The undersigned, being first duly sworn, on oath deposes and says that she is of legal age and is one of the petitioners in this cause and executes this affidavit on behalf of said petitioners; that the signatures on the attached annexation petition represent a majority of

the property owners of record and the owners of record of more than 50% of the land in the territory described in said petition, and also a majority of the electors residing in said territory; that each of the signatures on said petition is the genuine signature of the person it purports to be, and that this affiant has read the foregoing petition and has knowledge of the facts set out therein, and that the same are true in substance and in fact."

Following the filing of the petition, the Judge of the County Court fixed the time for the hearing upon the petition on August 16, 1960. Petitioners gave the required publication notice provided by Section 7–2.

The pleadings are rather voluminous in number and length. In view of errors assigned in this appeal, we feel that no useful purpose would be served by further discussion of them except in so far as they become appropriate in passing upon those assigned errors.

Appellants-Objectors, Central Standard Life Insurance Company and others, assign as error the single proposition that the petition was shown to be invalid for the reasons that, one of the signing petitioners was not in fact a landowner of record; the affidavit of Marjorie Elting was in fact based upon information and belief, rather than first hand knowledge; and the affidavit states conclusions only and not facts.

■■ Appellants' suggestion, that the petition is invalid in that it is signed by one person who is in fact not a landowner, is without merit.

One of the very purposes of the hearing under Section 7–4 is to determine among other things whether or not the petition is signed by the requisite number of property owners of record.

We find no reason to hold an annexation petition invalid merely because it is signed by a person not contemplated by the statute, so long as the validity of the petition is not dependent upon that signature. Appellants do not contend that absent this signature the

41

petition would lack the requisite number of signatures. No authority nor good reason to the contrary has been suggested to this court.

 Appellants admit that the affidavit of Marjorie Elting is not defective on its face. However, they contend that her testimony at the hearing to determine the petition's validity when called as an adverse witness by the objectors under Section 60 of the Civil Practice Act, disclosed that her affidavit was not made upon her personal knowledge but upon information and belief.

Section 7–4 of the Act provides in part, "All petitions shall be supported by an affidavit of one or more of the petitioners, or someone on their behalf, that the signatures on the petition represent a majority of the property owners of record and the owners of record of more than 50% of the land in the territory described and a majority of the electors of the territory therein described. Petitions so verified shall be accepted as prima facie evidence of such facts."

As abstracted, a fair condensation of Mrs. Elting's testimony discloses that her affidavit was based upon her knowledge of landowners by discussions with them; that she had not checked with the Title Company; that she was familiar with the territory and knew who voted there; that the surveyor and petitioners' attorney informed her as to the area of the territory; and that based upon the best of her knowledge knowing the people and the area the matters contained in the affidavit were true. She further testified she personally saw some of the petitioners sign the petition and was familiar with the signatures of those persons who did not sign the petition in her presence; that she is not familiar with the signatures of all of the petitioners but as to those persons she personally talked to, all but a few told her they had signed the petition; that as to those few she was told by Jim Heyworth that those

named petitioners had signed it; and that as to the genuineness of the signatures, she believes them to be genuine.

Section 7–4 is explicit in its affidavit requirements. No particular form nor the source of knowledge of the affiant is spelled out. Neither does this section require that the genuineness of the signatures be verified.

█ Mere surplusage will not render ineffective an otherwise complete and sufficient affidavit. 2 CJS Affidavits Sec 16(a).

It is said in 2 CJS Affidavits, Sec 26, "Where the required affidavit must necessarily rest upon documents or information derived from others, averments of fact upon information and belief are generally sufficient on the basis of a common sense construction of the controlling statutes."

Mrs. Elting's affidavit was not made upon information and belief but upon her knowledge of the facts which she states to be true in substance and in fact.

2 CJS Affidavits, Sec 26, further states, "The true criterion as to the sufficiency of the statement in such case would seem to be in the willingness of affiant to make a positive statement; if his information and knowledge are such that he will make a positive statement." This principle was followed in Grace v. Oakland Bldg. Assn., 166 Ill 637, 46 NE 1102.

Appellants further suggest that the affidavit is insufficient in that it states conclusions only and not facts.

█ These objectors in their filed objections made no mention of the invalidity of the affidavit because it was phrased in alleged conclusions and not facts. They cannot for the first time raise this objection on appeal. This fact, if it be a valid objection, was known to these objectors at the time they filed their objections.

The Supreme Court in City of East St. Louis v. Touchette, 14 Ill2d 243, 150 NE2d 178, recognized that

43

any other matter going to the validity of an annexation petition, as well as the four objections set forth in Section 7–3, were proper subjects of objection.

■ Aside from these observations we find the affidavit as phrased to be a sufficient statement of facts under Section 7–4.

■ As a general rule the averments of an affidavit which conform literally to the language of the statute prescribing them are sufficient. Iroquois Furnace Co. v. Wilkins Mfg. Co., 181 Ill 582, 54 NE 987, and Whisler v. Roberts, 19 Ill 274.

We conclude that Mrs. Elting's affidavit sufficiently states all matters required by Section 7–4, to constitute the petition prima facie evidence of such facts and require the objectors to overcome the prima facie case so made. Kryznowski v. Benoit, 30 Ill App2d 391, 174 NE2d 710.

Appellants-objectors do not contend, nor have they prevailed in their duty to prove, that the matters sworn to in the affidavit are not true.

In matters of annexation, where the necessary signatures may well run into the hundreds to present a valid petition, common sense dictates that the affidavit verified by Mrs. Elting should suffice.

■ Turning now to the appellant-objector Chicago Title and Trust Company's assignment of errors, the objections relate to the objections set out in Section 7–3, except they do not allege ownership of perimeter lands.

The objections were filed on September 15, 1960, almost a month after the hearing date fixed by the Judge of the County Court for the hearing upon the petition. The hearing date so fixed in compliance with Section 7–2 of the Act was August 16, 1960. On motion of the petitioners the objections of the objector were stricken.

It is urged that the trial court erred in striking these objections in that they were filed five days before a continued hearing date, and that no proceedings on the validity of the petition or objections were had prior to such continued hearing date of September 20, 1960.

The record does not bear out objector's assertion that no proceedings were had upon the petition prior to September 20, 1960.

On August 16, 1960, the date fixed for hearing upon the petition, the court heard proof of the service of notice of the hearing on the petition and proof of notice on the Clerk of the Village of Mettawa as required by law. On that same date, on motion of petitioners, certain other informal objections were stricken, and further hearing continued to September 20, 1960.

The precise question posed by this objector is, when must an objector file objections in annexation proceedings.

Section 7–3 of the Act provides, "After the filing of the petition but not less than five days prior *to the date fixed for the hearing,* any interested person may file with the county clerk his objections." (Emphasis supplied.)

Section 7–2 of the same Act provides for the filing of a written petition with the county clerk and thereafter in part states, "The judge of the county court shall enter an order fixing the time for the hearing upon the petition and the *day for the hearing* shall be not less than twenty nor more than thirty days after the filing of the petition or ordinance as the case may be.

"The petitioners or corporate authorities, as the case may be, shall give notice of the annexation petition or ordinance, as the case may be, not more than 30 nor less than 15 days before *the date fixed for the hearing.* This notice shall state that a petition for annexation or ordinance, as the case may be, has been filed

and give the substance thereof, including a description of the territory to be annexed, the name of the annexing municipality, and *the date fixed for the hearing*." (Emphasis supplied.)

It is fundamental in determining the legislative intent embodied in a statute that the whole of the statute must be considered. City of East St. Louis v. Touchette, 14 Ill2d 248, 150 NE2d 178.

Considering the whole of Article VII of the Cities and Villages Act, we conclude that Section 7–3 specifying the time for filing objections means the date fixed by the judge of the county court under his duty provided by Section 7–2.

In the instant case, the day fixed for the hearing upon the petition was August 16, 1960. The objections of this appellant were not filed not less than five days prior to the date fixed for the hearing and were upon petitioners' motion properly stricken.

As suggested by this objector, the courts have recognized the authority of the judge of the county court to amend the date fixed for the hearing upon the petition. Crocher v. Abel, 348 Ill 269, 180 NE2d 852. In the instant case an amended date is not at issue. Proceedings were had upon the petition on August 16, 1960, and further hearing was continued to September 20, 1960.

An orderly procedure has been outlined by the General Assembly and the meaning of the statute is clear.

Further objections as to matters of procedure are argued by this objector. Criticism is made of the court's allowance of amendment to the petition and the allowance of certain perimeter objectors' objections. Further complaint is made of stipulations between the petitioners and other objectors and the allowance without objection by the petitioners of the refiling of the Illinois State Toll Highway Commissions' objection

affecting perimeter lands which was in the first instance untimely filed.

 Amendments to the pleadings in annexation proceedings by virtue of Section 46 of the Civil Practice Act, Chap 110, Sec 46, Ill Rev Stat 1959, were recognized by this court in the case of Kryznowski v. Benoit, 30 Ill App2d 391, 174 NE2d 710.

 Further a petitioner has the right to control its own litigation, may waive any of its rights, with certain exceptions, not here involved, and stipulate with any or all of its opponents.

The objector has failed to point out wherein these alleged errors in procedure, if made, would in any way change the end result in the court's order that the petition was valid and complied in all respects to the provisions of Article VII of the Cities and Villages Act.

This objectors very objections were before the court on other objectors similar objections. Absent too is any suggestion that a different result would have followed or that this objector was in any way prejudiced.

In Brummel v. Glos, 275 Ill 28, 113 NE 996, it was said, "It is fundamental that on appeal only the party prejudiced will be heard to complain of erroneous rulings, and this doctrine is as applicable to statutory proceedings as to common law actions." To like effect, Chicago M. & St. P. R. v. Public Utilities Commission, 267 Ill 544, 108 NE 737.

The order of the County Court of Lake County is affirmed.

Affirmed.

CROW, and WRIGHT, JJ., concur.