*In re* PETITION OF THE VILLAGE OF KILDEER TO ANNEX CERTAIN PROPERTY (The Village of Kildeer, Petitioner-Appellant and Cross-Appellee, v. Robert Schwake *et al.,* Objectors-Appellees and Cross-Appellants).

Second District Nos. 2—86—0989, 2—86—0997, 2—86—1011 cons.

Opinion filed October 20, 1987.

264

Conzelman, Schultz, Snarski & Mullen, of Waukegan (John M. Mullen, of counsel), for appellant.

James S. Gordon and Edward Slovick, of James S. Gordon, Ltd., of Chicago (Joseph N. Sikes, of Grayslake, of counsel), for appellees.

JUSTICE DUNN delivered the opinion of the court:

In February 1986, petitioner-appellant, the village of Kildeer (Kildeer), adopted three separate ordinances to initiate three separate annexation proceedings. Each ordinance was filed before a different Lake County circuit judge. In March 1986, each judge entered an or-

der finding the ordinance pending before him to be valid and setting the matters for referenda on the November 4, 1986, election.

In August 1986, certain property owners, appellees herein (objectors), filed a motion in each case, pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), to vacate the orders approving the ordinances. Each trial judge granted the motion to vacate his prior order approving the ordinance, and Kildeer appeals. We affirm the orders Kildeer challenges in appeal numbers 2—86—0997 and 2—86—1011, but reverse and remand in number 2—86—0989 so that Kildeer may file an answer.

Cross-appeals have also been filed by certain of the objectors. Kildeer has moved to strike the notice of cross-appeal in number 2—86—0989, which motion was ordered taken with the case. For reasons set forth below, we grant the motion, but will consider the cross-appeal in number 2—86—1011.

The proposed annexations form a hollow quadrilateral shape surrounding much of the property owned by objectors and also annexing to Kildeer portions of the objectors' property. The Kildeer village president, in case numbers 2—86—0997 and 2—86—1011, indicated that the shape of the proposed annexation was designed to prevent the neighboring municipality of Lake Zurich from annexing and rezoning objectors' property. His testimony also indicated that the annexation was divided into three ordinances so that no one ordinance would annex more than 10 acres of any individual property owner's land.

The notices of hearing on the ordinances, required by section 7—1—2 of the Illinois Municipal Code (Municipal Code) (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—2), were published separately in the Chicago Sun-Times on March 3, 6, and 7, 1986. It appears that Kildeer had never previously published legal notices in the Sun-Times, but had instead used local newspapers for that purpose. No objections were filed prior to the hearings, and in each case an order was entered approving the ordinance and setting it for referendum in November 1986. The orders were entered on March 20, 24, and 26, 1986.

On August 11, 12, and 14, the affected property owners filed a motion in each case under section 2—1401 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) asking the courts to vacate the orders approving the ordinances. Each motion, with accompanying affidavits, alleged that the objectors had not learned of the pending annexations until July 5, 1986, when they were so informed by employees of Lexington Development Company. Lexington was the contract purchaser of one of the affected properties.

The motions alleged that Kildeer had concealed the existence of

the ordinances in several ways, including publication of the notices of hearings in the Sun-Times rather than local papers. The motions also complained that the legal descriptions contained in the notices were indecipherable to laymen and that no map of the proposed annexations was ever provided by Kildeer, even after Lexington had filed a Freedom of Information request and even though Kildeer's counsel possessed such maps. The motions alleged that objectors were forced to hire a surveyor to ascertain the effect of the ordinances and that the surveyor had determined that each ordinance would annex small portions from tracts of objectors' land in excess of 10 acres.

The affidavit of a Lexington employee indicated that he first learned of the pending annexations when, at a June 16, 1986, meeting of the Lake Zurich board held to discuss annexation of the affected territory, the village clerk of Kildeer read a prepared statement advising that Kildeer had annexation proceedings in progress. The clerk stated she was not authorized to comment further, and no description of the affected property was given. It also appears that, on March 13, 1986, prior to the hearings on the validity of the ordinances, the same clerk had attended a meeting of the Lake Zurich Plan Commission which had met to discuss rezoning and annexation of the affected property. On orders of the Kildeer village president, the clerk remained silent throughout the meeting.

Kildeer moved to dismiss each section 2—1401 motion, but Kildeer's motions were denied. Hearings were held in September and October 1986, on the section 2—1401 motions, and in each case the trial court vacated its prior order approving the ordinance.

■ Kildeer first argues that a section 2—1401 motion was not a remedy available to movants. Kildeer contends that, since it had technically complied with the notice requirements of section 7—1—2 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—2), the objectors were required to file any objections not less than five days before the hearings on the validity of the ordinances. Kildeer concludes that a section 2—1401 motion cannot be used to circumvent the statutory deadline for filing objections, citing *In re Petition to Annex Certain Territory to Village of Mettawa* (1961), 33 Ill. App. 2d 38. The court there strictly followed the language of the statute and disallowed late-filed objections, stating, "An orderly procedure has been outlined by the General Assembly and the meaning of the statute is clear." *In re Petition to Annex Certain Territory to Village of Mettawa* (1961), 33 Ill. App. 2d 38, 46.

Objectors respond that their objections were not time barred for two reasons. Objectors first argue that section 7—1—3 of the Munici-

pal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—3), which sets forth the deadline for objections, applies only to the specific objections set forth therein. That section provides:

"After the filing of the petition but not less than 5 days prior to the date fixed for the hearing, any interested person may file with the circuit clerk his objections (1) that the territory described in the petition or ordinance, as the case may be, is not contiguous to the annexing municipality, (2) that the petition is not signed by the requisite number of electors or property owners of record, (3) that the description of the territory contained in the petition or ordinance, as the case may be, is inadequate, or (4) that the objector's land is located on the perimeter of such territory, that he does not desire annexation, and that exclusion of his land will not destroy the contiguity of such described property with the annexing municipality." Ill. Rev. Stat. 1985, ch. 24, par. 7—1—3.

Objectors' objections did not pertain to those set forth in section 7—1—3, but rather they objected to the ordinances on the grounds that: (1) more than 10 acres were annexed without the owner's consent in violation of section 7—1—2; (2) the ordinances illegally annexed parcels of less than 10 acres carved from property in excess of 10 acres; and (3) the publication of notice failed to comply with the statutory requirements. Since their specific objections are not included in section 7—1—3, objectors argue that the time limitation applicable to the listed objections does not apply to their objections.

Objectors' first argument is not persuasive. Under the statutory scheme, all possible objections are to be presented at the section 7—1—4 hearing. Section 7—1—4 specifically provides:

"The cause shall be heard without further pleadings. At the hearing the objector may be heard in person or by counsel.

Prior to hearing evidence on the validity of the annexation petition or ordinance, the court shall hear and determine any objection under sub-paragraph (4) of Section 7—1—3. If the court is satisfied that such objection is valid, it shall order the petition or ordinance to be amended to eliminate such objector's land from the territory sought to be annexed. Thereafter upon this hearing the only matter for determination shall be the validity of the annexation petition or ordinance, as the case may be, and the decision of the court shall be final. All petitions shall be supported by an affidavit of one or more of the petitioners, or some one on their behalf, that the signatures on the petition represent a majority of the property owners of rec-

ord of land in the territory described and a majority of the electors of the territory therein described. Petitions so verified shall be accepted as prima facie evidence of such facts. If the court finds that (1) the annexation petition is not signed by the requisite number of electors or property owners of record; or (2) that the described property is not contiguous to the annexing municipality; or (3) that the description is materially defective; or (4) that the petition or ordinance, as the case may be, *is otherwise invalid,* the court shall dismiss the petition or ordinance, as the case may be." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—4.)

As our supreme court has stated, the statute "contemplates the filing of objections to the petition or ordinance for any matter going to the validity thereof by any interested person, as well as the four specific objections set forth in [section 7—1—3]." (*City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, 248.) Thus, the fact that the objections were not among those specified in section 7—1—3 does not excuse objectors from filing their objections at least five days prior to the hearing.

■ Objectors also argue that, even if the five-day limitation does apply to objections not specified in section 7—1—3, the limitation does not apply here because the procedures followed by Kildeer suggest fraud and an abuse of the court process. In so arguing, they rely on *In re Annexation to Village of Palatine* (1967), 84 Ill. App. 2d 6, and *In re Petition to Annex Certain Territory to Village of Willowbrook* (1962), 37 Ill. App. 2d 393, wherein objections were allowed to be filed after the "deadline" fixed by the statute. In both *Palatine* and *Willowbrook*, the annexing municipalities argued, as Kildeer does here, that no late objections may be filed under the holding of *Mettawa.* Both the *Palatine* and *Willowbrook* courts distinguished *Mettawa,* however, due to the circumstances presented.

In *Willowbrook,* the trial court found that there had been technical compliance with the notice requirement. The trial court also determined, however:

"[T]he compliance was accomplished in such a manner as to deprive certain persons of the notice contemplated by the statute, which amounts to a fraud upon the court and an indirect contempt calculated to establish and accomplish an end contrary to the spirit of the statute, the accomplishment of which would tend to obstruct, embarrass and prevent the due administration of justice." (*In re Petition to Annex Certain Territory to Village of Willowbrook* (1962), 37 Ill..App. 2d 393, 399.)

That finding was based on evidence that the notice had been published in the Chicago American, rather than a local newspaper, on a day which made it unlikely that the notice would be observed by anyone in the affected territory, plus the conduct of the president of the annexing village in concealing the extent of the annexation from the petitioners. 37 Ill. App. 2d 393, 398-99.

The *Willowbrook* court distinguished *Mettawa* since *Mettawa* contained no suggestion of fraud. (*In re Petition to Annex Certain Territory to Village of Willowbrook* (1962), 37 Ill. App. 2d 393, 401.) The court then affirmed the allowance of the late objections based on the trial court's finding of fraud, stating: "It is axiomatic that fraud vitiates everything. Lack of jurisdiction over the subject matter can be raised at any time, even after judgment, and it is not waived by failure to object in proper time." *In re Petition to Annex Certain Territory to Village of Willowbrook* (1962), 37 Ill. App. 2d 393, 402.

In *Palatine*, the trial court did not allow objections to be filed after the statutory deadline. The petitions of the prospective objectors there alleged that, as in *Willowbrook*, the annexation "was accomplished in such a manner as to deprive [objectors] of the notice contemplated by the statute and an indirect attempt calculated to establish and accomplish an end contrary to the spirit of the statute and prevent the due administration of justice." (*In re Annexation to Village of Palatine* (1967), 84 Ill. App. 2d 6, 14.) The appellate court, relying on *Willowbrook*, held that given the allegations of fraud and abuse of the process of the circuit court, the trial court should have permitted the objections to be filed. 84 Ill. App. 2d 6, 14.

The objectors in this case have similarly alleged fraud and abuse of process. They contended that the notices were published in the Chicago Sun-Times, rather than the local newspaper where Kildeer usually published such notices, so that affected parties would not be aware of the proceedings. They also alleged that Kildeer had deliberately divided a single annexation into three separate ordinances and that the notices, published on different dates, did not disclose the pendency of the other ordinances in a deliberate attempt to conceal the amount of property to be annexed. They also alleged that the filing of the three ordinances before three different judges was done in an attempt to mislead the trial judges as to the legality of the ordinances which, if taken together, could not have been approved. Objectors also allege that Kildeer officials actively concealed not only the impact, but the very existence of the ordinances.

Given the objectors' allegations of fraud on the part of Kildeer, it appears that, as in the *Willowbrook* and *Palatine* cases, the trial

judges here properly allowed objectors to challenge the annexation ordinances, even though the challenges came after the statutory deadline. Although Kildeer attempts to distinguish *Willowbrook* and *Palatine* on the basis that the objections in those cases were filed either on the day of the hearing or within 30 days thereafter, that distinction does not support Kildeer's original argument that the statutory deadline is absolute. The length of time between the statutory cutoff and the filing of the section 2—1401 petitions is more properly considered in determining if objectors were diligent in presenting their defenses.

■ Kildeer next argues that annexation proceedings are not subject to section 2—1401 motions because the sole available means of challenging an annexation is by a *quo warranto* action. (Ill. Rev. Stat. 1985, ch. 110, par. 18—101 *et seq.*) Our supreme court has held that "the proper remedy for questioning an annexation *which has been accomplished* is *quo warranto.*" (Emphasis added.) (*Edgewood Park No. 2 Homeowners Association v. Countryside Sanitary District* (1969), 42 Ill. 2d 241, 245.) In the case at bar, however, the challenged annexations had not been accomplished when movants filed their section 2—1401 motions. Although the ordinances had been adjudicated valid and referenda had been ordered, the annexations would not have been accomplished until approved by a majority of the electors. Ill. Rev. Stat. 1985, ch. 24, par. 7—1—7.

Contrary to Kildeer's argument, *quo warranto* was not even available at the time movants filed their section 2—1401 motions. Our courts have held that the sole purpose of the information in *quo warranto* is to require the defendant to show by what warrant he is holding the license, privilege or franchise in question. (*Romine v. Black* (1939), 304 Ill. App. 1, 7; *Ziebell v. Village of Posen* (1930), 257 Ill. App. 32, 38.) In language particularly suited to the instant case, the court in *Romine v. Black* stated:

"[T]he territory has not yet been annexed and the defendant has not yet assumed to exercise control over it when the bill was filed; consequently, it was not possible by quo warranto to inquire by what right the village exercised authority over the territory." *Romine v. Black* (1939), 304 Ill. App. 1, 7.

In this case, too, it was not possible for objectors by *quo warranto* to inquire by what right Kildeer exercised authority over the property in question since the annexations have never been accomplished. *Nameoki Township v. Cruse* (1987), 155 Ill. App. 3d 889, 897-98.

Objectors note that article 7 of the Municipal Code (Ill. Rev. Stat.

1985, ch. 24, par. 7—1—1 *et seq.*), while containing numerous provisions regulating procedure, does not prohibit the use of a section 2—1401 motion. The Code of Civil Procedure specifically directs that its provisions apply to matters of procedure not regulated by other statutes. (Ill. Rev. Stat. 1985, ch. 110, par. 1—108.) This court has applied other provisions of the Code of Civil Procedure (then the Civil Practice Act) to annexation proceedings (*In re Annexation in the County of Kankakee* (1961), 30 Ill. App. 2d 391, 396), and there likewise appears no valid reason for withholding application of section 2—1401 in this matter.

■ Further support for the applicability of section 2—1401 to an uncompleted annexation proceeding is found in the plain language of the statute:

> "Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. Writs of error coram nobis and coram vobis, bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available *in every case*, by proceedings hereunder, *regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered.* There shall be no distinction between actions and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(a).

The purpose of section 2—1401 is to bring to the trial court's attention facts not of record which, if known by the trial court at the time judgment was entered, would have prevented its rendition. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 837-38.) Section 2—1401 has served that purpose in this case.

Finally, objectors point to *In re Annexation to Village of Palatine* (1967), 84 Ill. App. 2d 6, where the court rejected an argument similar to Kildeer's since, as mentioned above, the objections suggested fraud and an abuse of the process of the circuit court. 84 Ill. App. 2d 6, 14.

It thus appears that, until the annexation proceedings were completed, *quo warranto* was not a remedy available to objectors. Rather than forcing objectors to wait until the annexation was accomplished and then proceed with a *quo warranto* action, it is preferable to follow the procedure employed by the trial courts here and allow the filing of section 2—1401 motions to challenge the annexations, at least

where there are allegations of fraud.

■ Kildeer next argues that, even if section 2—1401 motions are proper challenges to annexation proceedings, the trial courts erred in vacating the prior orders which found the ordinances valid. Kildeer argues both that the motions failed to state claims for relief and that objectors failed to prove sufficient facts to warrant relief. Kildeer's arguments address each motion separately and urge this court to do the same. In certain aspects, the motions do need to be analyzed individually, but there are many common elements to the motions. In deciding whether the motions state claims for relief, they may be considered together since they are identical in substance with only minor differences as to the number of the ordinance challenged and the names of some of the objectors.

A section 2—1401 motion must set forth facts showing the existence of a meritorious defense and the exercise of due diligence in presenting both a defense to the original action and the petition to vacate. (*Carroll Service Co. v. Schneider* (1986), 144 Ill. App. 3d 38, 40.) Kildeer contends that the motions failed to allege sufficient facts to demonstrate due diligence of the objectors in presenting the motions. The motions alleged that objectors knew that annexation proceedings were pending on June 16, 1986, and learned of the court orders on July 5, 1986. The section 2—1401 motions were not filed until mid-August 1986. Although the motions alleged that objectors proceeded with all due diligence to prepare and present the motions as soon as possible, Kildeer contends that such a conclusion is not supported by allegations of fact. Since objectors must allege facts which show they are entitled to relief rather than mere conclusions (*State Bank v. Fair Winds, Inc.* (1979), 73 Ill. App. 3d 597, 600), Kildeer says the motions should have been dismissed.

It is true that the motions themselves merely concluded that objectors were diligent in presenting the motions. In so concluding, however, the motions incorporated the affidavit of Richard Piggott, an employee of Lexington Development Corporation, the contract purchaser of the Schwake property. His affidavit does set forth more facts which chronicle the events leading to the movants' discovery of the pendency of the annexation proceedings and the action taken by Lexington and objectors after that discovery. The affidavit recounts the difficulty encountered in obtaining information from Kildeer, the retention by objectors of a land surveyor within days of being notified of the court orders, and the retention of counsel to contest the annexation. Since it appears that Piggott had personal knowledge of the facts set forth in the affidavit, the facts alleged therein could be con-

sidered in determining if the motions sufficiently alleged diligence in presenting the motions. See, *e.g.*, *M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504.

■ It is axiomatic that pleadings are to be construed liberally with a view of doing substantial justice between the parties. (Ill. Rev. Stat. 1985, ch. 110, par. 2—603.) In deciding whether the section 2—1401 motions state claims for relief, all facts well pleaded plus all reasonable inferences that may be drawn therefrom must be accepted as true. (*Phillips v. Chicago Housing Authority* (1980), 91 Ill. App. 3d 544, 548, *aff'd* (1982), 89 Ill. 2d 122.) In this case, the facts as alleged in the motions and affidavits are sufficient to demonstrate due diligence. When objectors became aware of the annexation proceedings, they first had to employ a surveyor to ascertain whether and how their property was affected, especially since Kildeer provided them with no maps or plats of the annexation. Once the effect of the ordinances was determined, objectors filed their section 2—1401 motions. Little over a month had passed since they had first learned of the orders approving the ordinances. Especially considering the lack of cooperation from Kildeer, it appears that objectors properly alleged due diligence in presenting their motions.

■ Kildeer next argues that the motions did not allege sufficient facts to establish a meritorious defense. It should be noted that Kildeer does not dispute the illegality of the attempted annexations, which is not surprising in light of the strong indications of its noncompliance with the annexation laws. Rather, Kildeer argues that objectors did not show that they had standing to challenge the annexations since the section 2—1401 motions were not signed by objectors, were unverified, and did not identify objectors as interested persons with standing to object.

As objectors point out, section 2—1401 does not require that the motion to vacate be signed by a movant or be verified; it simply requires the motion to be supported by affidavit or other appropriate showing as to matters not of record. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(b).) The motions in this case were supported by the affidavits of Piggott, as discussed above, and of Richard Blackledge, the surveyor hired by objectors, as well as by copies of deeds and trust agreements denoting ownership of the affected property. Kildeer contends, however, that the Blackledge affidavit is insufficient in that it contains conclusions as to ownership and facts not within the personal knowledge of Blackledge, and fails to specify which property is owned by which objectors.

While the Blackledge affidavit may not be a perfect example to be

followed in future annexation proceedings, it is sufficient in this case to identify objectors as interested parties with standing to challenge the ordinances. The affidavit lists the various documents from which Blackledge determined ownership and the extent to which the ordinances affected each objector's property.

In *In re Petition to Annex Certain Territory to Village of Mettawa* (1961), 33 Ill. App. 2d 38, the affidavit of an annexation petitioner was also challenged on similar grounds. The predecessor to section 7—1—4 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—4) required annexation petitions to be accompanied by the affidavit of one or more of the petitioners to the effect that the signatures on the petition represented a majority of the property owners of record and the owners of record of more than 50% of the land in the territory described and a majority of the electors in the territory. The affidavit there was based on the affiant's discussions with landowners, although she had not verified legal titles; information from a surveyor and an attorney for the petitioners; and her familiarity with the territory and who voted there. The *Mettawa* court noted that the annexation statute did not spell out the necessary source of knowledge of the affiant and, following a commonsense construction of the controlling statutes, found the affidavit sufficient since the information included was necessarily derived from outside sources. (*In re Petition to Annex Certain Territory to Village of Mettawa* (1961), 33 Ill. App. 2d 38, 43.) In this case, Blackledge's knowledge of the ownership of the property in question likewise had to come from outside sources, such as the documents he lists. Like the affidavit in *Mettawa*, Blackledge's affidavit adequately identifies objectors as interested parties who would be affected by the proposed annexations and who therefore had standing to challenge the ordinances.

■ Kildeer's argument that the Blackledge affidavit is insufficient in that it does not specify which property is owned by which objector or the exact portions annexed is not supported by authority and thus need not be considered by this court. (107 Ill. 2d R. 341(e)(7).) Even if this argument is considered, the affidavit describes the amount of property owned by the objectors and the amount of property of each objector affected by the ordinances. As for Kildeer's argument that American National Bank, as trustee under trust agreement dated December 8, 1971, and known as trust number 76328, did not file a section 2—1401 motion, exhibit 1 to each motion adequately identifies the trust. Moreover, even if one interested party did not file a motion to vacate, the prior orders could be vacated if only one interested party successfully presented such a motion.

Kildeer also complains that objectors did not file a proposed objection under section 7—1—3 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—3). As previously noted, the objections here are not among those listed in 7—1—3. In any event, the motions themselves clearly set forth the bases of the objections. Kildeer's argument that no meritorious defense was alleged since objectors did not state that they would have objected if they had been aware of the proceedings is likewise unconvincing. Objectors specifically alleged that they would have appeared at the hearings and objected if they had known of the proceedings and the plain inference from the filing of the motions to vacate is that objections would have been filed if they had known of the proceedings in time.

■ Finally, Kildeer argues that the motions failed to allege sufficient facts to show lack of negligence, since objectors did not allege that they would have seen the notice of the proceedings if published in a local newspaper. It is true that under section 2—1401, objectors must allege that, through no negligence of their own, their defense was not made to appear at the time the challenged orders were entered. (*Lazzara v. Dreyer Medical Clinic* (1983), 120 Ill. App. 3d 721, 724.) In this case, objectors have set forth, both in the motions and accompanying affidavits, several reasons why they did not object earlier, including Kildeer's splitting what was essentially one annexation into three, publication of notice in a newspaper other than the one in which Kildeer usually published legal notices, the complexity of the legal descriptions in the notices which required a surveyor to determine the effect of the ordinances, and the conduct of Kildeer in concealing the very existence of the ordinances. Giving the pleadings a liberal construction, it appears that objectors have thus adequately alleged lack of negligence. Furthermore, as will be discussed below, the lack of negligence requirement is relaxed where the opposing party is guilty of fraud or unfair conduct. *Carroll Service Co. v. Schneider* (1986), 144 Ill. App. 3d 38, 41.

■■ We turn now to the question of whether objectors proved sufficient facts to warrant relief. The quantum of proof necessary to sustain a section 2—1401 petition is a preponderance of the evidence. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221.) Whether a section 2—1401 petition should be granted lies within the sound discretion of the trial court, depending on the facts and equities presented. (114 Ill. 2d 209, 221.) As such, a reviewing court is justified in disturbing the judgment of the trial court only if it finds that the trial court abused its discretion. (114 Ill. 2d 209, 221.) The term "abuse of discretion" has been defined as "palpably erroneous, contrary to the manifest

weight of the evidence, or manifestly unjust," and as a decision with respect to which "no reasonable person would take the view adopted by the trial court." (*Douglas Transit, Inc. v. Illinois Commerce Com.* (1986), 145 Ill. App. 3d 115, 119-20.) In vacating their prior orders in these cases, it does not appear that the trial courts abused their discretion.

 Once again, it is noteworthy that Kildeer does not argue that the ordinances would have been declared legal in the face of the objections now raised. The Municipal Code provides in pertinent part:

> "[T]he corporate authorities of any such municipality may initiate the proceedings by enacting an ordinance expressing their desire to annex such described territory; provided, no tract of land in excess of 10 acres in area may be included in the ordinances of a municipality initiating the proceedings without the express consent of the owner of the tract unless the tract (1) is subdivided into lots or blocks or (2) is bounded on at least 3 sides by lands subdivided into lots or blocks." (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—2.)

That section has been interpreted to mean "that absent the owner's consent a municipality cannot carve out of such owner's property a 'tract' not in excess of 10 acres and annex it." (*In re Petition of Town of Normal* (1972), 5 Ill. App. 3d 363, 368.) Otherwise, a municipality could easily circumvent the 10-acre limitation of section 7—1—2 by piecemeal annexation. 5 Ill. App. 3d 363, 367.

It appears that what the *Normal* court feared and prohibited is exactly what Kildeer attempted. The exceptions to owner acquiescence set forth in the statute are not applicable, yet each ordinance carved smaller pieces from tracts in excess of 10 acres. Furthermore, one of the ordinances attempted to annex 20 acres from one owner, the Grethes. The combination of these piecemeal annexation ordinances would annex over 30 acres from the Schwake property alone.

 Kildeer still argues, however, that no meritorious defense was proved because only oral testimony of objectors' titles to the affected property was introduced. Kildeer contends that objectors should have introduced written evidence of title. In *City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, it was also argued that the objector there was not a party in interest as contemplated by the statute and therefore lacked standing. There, the city of East St. Louis attempted to annex territory which had already been included in a petition for the organization of the city of Centreville. The testimony of the sole witness was held sufficient to show a direct interest in the proceedings entitling him to file objections where he testified he had

filed the petition for incorporation of Centreville, that he resided in the territory proposed to be incorporated, and that the proposed annexation would destroy the contiguity of the city of Centreville. (14 Ill. 2d 243, 248-49.) As objectors note, it appears that no documents of the objector's title to his property were introduced and that he was not required to legally describe his property. Objectors' oral evidence of ownership here should likewise entitle them to object since they have shown they have a direct interest in the proceedings. See *In re Annexation to Village of Round Lake Park* (1975), 29 Ill. App. 3d 651, 658.

Robert Schwake testified at each of the hearings as to his ownership of property affected by the ordinances. Also at each hearing, Blackledge testified to the amount of the Schwake property affected. Based on the testimony of these two witnesses alone, it appears that objectors proved they were interested parties and that a meritorious defense existed.

Kildeer also argues that objectors did not prove that they acted diligently in presenting their defenses and motions to vacate and that they did not prove that they were not negligent in failing to present their defenses at the original hearings. Even assuming that one or all of these elements were not proved by a preponderance of the evidence, the vacations of the prior orders may still be upheld. A section 2—1401 motion invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613; *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 838.) When justice and fairness require, a judgment may be vacated even though the requirement of due diligence has not been satisfied. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 838.) In particular, the requirement of due diligence will not be strictly enforced where a judgment was obtained by fraud or unfair conduct. *Carroll Service Co. v. Schneider* (1986), 144 Ill. App. 3d 38, 41.

The unfair conduct on the part of Kildeer in this matter has been discussed above. In light of the piecemeal annexation attempts, the deceptive manner in which Kildeer technically complied with the notice requirement of the annexation statutes, and the active concealment of the existence of the annexation proceedings, it seems that the granting of the section 2—1401 motions here was necessary to avoid an unjust result, *i.e.*, the illegal annexation of objectors' property in violation of section 7—1—2 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—2).

■■ Finally, Kildeer argues that the court did not provide an impartial hearing in appeal number 2—86—0989. In that case the trial court denied Kildeer's motion to dismiss the section 2—1401 motion and immediately proceeded to hold a hearing on the merits of the section 2—1401 motion. Kildeer objected that it should have a chance to file an answer to the motion and that it did not have witnesses present that it planned to call. Where a motion to strike a section 2—1401 motion is denied, the court should allow the moving party a chance to answer the allegations contained in the section 2—1401 motion. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 840.) Kildeer should have been given such a chance in this case. It is not necessary, however, for this court to order the circuit court to conduct an evidentiary hearing on the motion to vacate. Only if Kildeer's answer alleges facts controverting the central allegations of the section 2—1401 motion would a factual dispute necessitating a hearing exist. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 286.) The order granting the objectors' section 2—1401 motion in appeal number 2—86—0989 is therefore reversed with orders to allow Kildeer to answer the section 2—1401 motion to vacate.

## CROSS-APPEAL

Although the trial courts granted objectors' motions to vacate the orders which had approved the ordinances, objectors have filed cross-appeals. Objectors argue that in appeal numbers 2—86—0989 and 2—86—1011, the trial courts erred in holding that the notices of hearing published by Kildeer met the requirements of section 7—1—2 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—2). Objectors also argue that the trial court in appeal number 2—86—0989 erred in holding that the three ordinances had to be viewed separately to determine if objectors have valid objections to the attempted annexations.

Kildeer has filed a motion to strike the notice of cross-appeal filed in number 2—86—0989, which motion was ordered taken with the case. The trial court entered its final and appealable order in 2—86—0989 on September 30, 1986. Kildeer filed its notice of appeal in that case on October 23, 1986, and served objectors with notice of that filing on the same day. Objectors filed their notice of cross-appeal on November 10, 1986. Kildeer's motion to strike contends that objectors' notice of cross-appeal was not timely filed.

Supreme Court Rule 303(a)(3) provides as follows:

"If a timely notice of appeal is filed and served by a party, any other party, within 10 days after service upon him, or

within 30 days of the entry of the order disposing of the last pending post-trial motion, whichever is later, may join in the appeal, appeal separately, or cross-appeal by filing a notice of appeal, indicating which type of appeal is being taken." (107 Ill. 2d R. 303(a)(3).)

Objectors' notice of cross-appeal was clearly not filed within 10 days of service of the notice of appeal, even if we consider the notice of cross-appeal to have been filed on November 7, 1986, the date objectors mailed it. Objectors contend, however, that the notice of cross-appeal was filed within 30 days of the entry of the order disposing of the last pending post-trial motion. On October 29, 1986, Kildeer had filed a motion requesting a stay of the final order pending appeal, which was denied the same day. Objectors characterize the motion for stay pending appeal as a post-trial motion for purposes of Rule 303. We do not agree.

■■ ■ For a motion to qualify as a post-trial motion for the purposes of Rule 303, it must be one which specifically requests one or more of the types of relief authorized in section 2—1203 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203), consisting of rehearing, retrial, modification or vacation of judgment. (*Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135; *Lewis v. Loyola University* (1986), 149 Ill. App. 3d 88, 92.) Kildeer's motion did not seek such relief, but merely requested a stay pending appeal so that the November 4, 1986, election could proceed, including the annexation referenda, since the ballots had already been printed. Kildeer acknowledged that the referenda results would not be binding if the trial court were to be affirmed on appeal, but sought the stay allowing votes to be taken so that another election would not be necessary if the trial court were to be reversed. Since Kildeer's motion did not attack the original judgment, it was not a post-trial motion which would extend the time for filing the notice of cross-appeal. (See, *e.g.*, *Town of Libertyville v. Bank of Waukegan* (1987), 152 Ill. App. 3d 1066, 1072.) The filing of a notice of cross-appeal within the period set forth in the rule is mandatory and jurisdictional. (*Case International Co. v. American National Bank & Trust Co.* (1974), 18 Ill. App. 3d 297, 300.) The notice of cross-appeal in appeal number 2—86—0989 was not filed within the period set forth in the rule, so the cross-appeal in that case is dismissed.

It is still necessary to consider the timely cross-appeal filed in appeal number 2—86—1011 in which objectors argue that the notice of hearing published by Kildeer was invalid. Objectors do not argue that Kildeer's notice was not in technical compliance with the notice re-

quirements of the Municipal Code, so we may assume it was. Objectors do argue, however, that the notice was void as to them because it was accomplished in a manner which deprived them of the notice contemplated by the statute, relying on *In re Petition to Annex Certain Territory to Village of Willowbrook* (1962), 37 Ill. App. 2d 393. As discussed above, the *Willowbrook* court affirmed the allowance of late filed objections where the trial court found that there was a deliberate attempt on the part of the municipality to comply with the letter of the notice requirements, but to do so in such a way that the possibility of objectors reading the notice would be very remote. (37 Ill. App. 2d 393, 401-02.) That finding was based on the publication of notice in a Chicago newspaper with a small circulation in the affected territory, and the conduct of the village president in obscuring the impact of the annexation from potential objectors. 37 Ill. App. 2d 393, 399.

Objectors here argue that Kildeer's conduct in this case is worse than the conduct deemed fraudulent in *Willowbrook*. The village president of Kildeer admitted that the annexation would not have been legal if combined as one, so the annexation was divided and the resulting three ordinances presented to three different courts in an attempt to evade the 10-acre limitation of section 7—1—2 of the Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—2). As in *Willowbrook*, notice was published in a Chicago newspaper although Kildeer had published all previous legal notices in local newspapers. Even after the notices were published but before the hearings, Kildeer's village clerk attended a meeting of the Lake Zurich Plan Commission which was considering rezoning and annexation of property affected by Kildeer's ordinances, yet at the instruction of the Kildeer village president, the clerk remained silent throughout the meeting and did not disclose the pendency of the Kildeer annexation proceedings.

■■■ Although Kildeer attempts to distinguish *Willowbrook*, the similarities between *Willowbrook* and the present case are striking. The notices were both published in Chicago papers with small circulations in the affected areas. Kildeer's division of the proposed annexation into three ordinances plus the village clerk's silence at the Lake Zurich meeting are also much like the subterfuge of the village president in *Willowbrook*. Accordingly, we hold that, as in *Willowbrook*, Kildeer's notice was void as to objectors.

In conclusion, we hold that an uncompleted annexation may be challenged by a section 2—1401 motion, at least where there appears to be fraud on the part of the annexing entity. We also hold that the section 2—1401 motions stated claims for relief, and that the trial courts in numbers 2—86—0997 and 2—86—1011 did not abuse their

282

discretion in granting the motions. In number 2—86—0989, however, Kildeer should have been allowed to answer following denial of their motion to strike. Objectors did not file a timely notice of cross-appeal in number 2—86—0989, so that cross-appeal is dismissed. In number 2—86—1011 we hold that the trial court erred in finding the notice of hearing to be valid as to objectors. The orders of the circuit court of Lake County are therefore affirmed in No. 2—86—0997, affirmed in part and reversed in part in No. 2—86—1011 and reversed and remanded in No. 2—86—0989.

Affirmed in part; reversed in part; cross-appeal in No. 2—86—0989 dismissed; and remanded.

HOPF and NASH, JJ., concur.