*In re* APPLICATION OF LAKE COUNTY COLLECTOR, Petition of Goldman or Piersma, Agent for Tax Deed (First Indiana Bank, Petitioner-Appellee, v. Goldman or Piersma, Agent, Respondent-Appellant).

Second District No. 2—95—0637

*Opinion filed April 3, 1996.—Rehearing denied May 24, 1996.*

Bruce M. Buyer and Michael J. Wilson, both of Buyer & Rubin, and David A. Novoselsky and Margarita T. Kulys, both of David A. Novoselsky & Associates, and Marvin Berz, all of Chicago, for appellant.

Keevan D. Morgan and Timothy Culbertson, both of Morgan & Bley, of Chicago, for appellee First Indiana Bank.

John Robert Barr, of Barr & Barr, of Decatur, for *amicus curiae* Downstate Tax Purchasers Association.

JUSTICE THOMAS delivered the opinion of the court:

The petitioner, First Indiana Bank (Bank), filed a motion pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1994)) to set aside a tax deed that had been issued to the respondent, Goldman or Piersma, agent (hereinafter Goldman). The Bank alleged that the deed was obtained fraudulently and in violation of a federal bankruptcy court's automatic stay. Goldman filed a motion to dismiss, and the Bank filed a motion for summary judgment. The trial court granted the Bank's motions and vacated the tax deed. In so doing, the court found that Goldman named the wrong party as owner of the property and violated the automatic stay of the bankruptcy court. The court subsequently ordered the Bank to pay Goldman $41,831.23 in costs pursuant to section 270 of the Revenue Act of 1939 (35 ILCS 205/270 (West 1992)). Goldman appeals.

The record reveals that on September 7, 1988, Dwayne and Elaine Schiefelbein owned a parcel of real estate located in Kildeer, Illinois. On that same date, the couple executed and delivered a promissory note for $250,000 to Yegen Equity Loan Corporation (Yegen). To secure the note, the Schiefelbeins also executed a mortgage, which they delivered to Yegen. Yegen then assigned its interest in the note and mortgage to the Bank.

On December 11, 1990, Goldman purchased the delinquent real estate taxes on the property and received a certificate of purchase. The redemption period was scheduled to expire on December 11, 1992. On September 15, 1992, the Schiefelbeins filed for bankruptcy. In the bankruptcy proceeding, the Kildeer property was listed as the Schiefelbeins' residence and as one of their assets in which creditors held a secured claim. On March 2, 1993, the bankruptcy court lifted the automatic stay against the property for the limited purpose of allowing the Bank to liquidate its interest in the real estate and to proceed with a foreclosure. Thereafter, the Bank proceeded to foreclose on the property and obtained a sheriff's deed on October 27, 1993.

On June 9, 1993, Goldman filed a notice to extend the period to redeem until November 18, 1993. On June 18, 1993, Goldman filed a petition for an order directing the issuance of a tax deed. Notice of the petition was sent to various parties, including the Bank. However,

Goldman did not send notice to the bankruptcy trustee. The Schiefelbeins received a discharge in bankruptcy on May 5, 1993, but the bankruptcy case was not closed until July 15, 1993.

The property in question was not redeemed by November 18, 1993. On November 23, 1993, Goldman filed a supplemental petition requesting an order directing the issuance of a tax deed. Notice of the supplemental petition was not given. A hearing on the petition for tax deed was held on November 23, 1993. The Bank did not appear at that hearing. Goldman's attorney did not mention that the petitioner Bank was the true owner of the property at the time of the hearing. Instead, the attorney stated that the record owner was the First National Bank of Des Plaines. On December 3, 1993, the court issued a tax deed to Goldman.

On March 11, 1994, the Bank filed a section 2—1401 petition to vacate the order issuing a tax deed. Goldman filed a motion to dismiss the Bank's motion, and the Bank subsequently filed a motion for summary judgment. On August 17, 1994, the trial court entered an order: (1) denying Goldman's motion to dismiss; and (2) granting the Bank's motions to vacate the tax deed and for summary judgment. In so doing, the court found that (1) Goldman named the wrong party as owner and did not give proper notice to the Bank; (2) Goldman violated the automatic stay of the bankruptcy court; (3) Goldman failed to give the required notice to the Bank in its capacity as owner; (4) Goldman fraudulently procured the tax deed by failing to give proper notice and naming the wrong party as owner; (5) Goldman should have known of the Bank's actual interest at the time of application based on documents in Goldman's possession; and (6) the Bank acted diligently in pursuing its rights.

On September 15, 1994, Goldman filed a motion to recover the $41,831.23 in costs it was entitled to by statute (35 ILCS 250/270 (West 1992)) and asked the court to enter an order making the August 17, 1994, order final and appealable. On December 30, 1994, the trial court entered an order finding that the Bank had paid Goldman the statutory costs and that there was no just reason to delay enforcement or appeal of its August 17, 1994, order vacating the tax deed. On that same day, Goldman filed a motion requesting that the trial court stay enforcement of its order pending appeal pursuant to Supreme Court Rule 305(b) (134 Ill. 2d R. 305(b)). The trial court denied the motion.

On January 19, 1995, Goldman filed a motion to reconsider the August 17, 1994, order. The trial court denied the motion to reconsider on April 19, 1995. In denying the motion, the trial court addressed the merits and then concluded that it did not have juris-

diction because it had already decided a post-trial motion on December 30, 1994. On May 18, 1995, Goldman filed a notice of appeal from the trial court's orders entered on August 17, 1994, and December 30, 1994.

As a preliminary matter, we note that the Bank has filed a motion to dismiss Goldman's appeal for lack of jurisdiction. The Bank contends that Goldman filed a post-trial motion on December 30, 1994, which was denied on that same day. The Bank contends that because Goldman did not file a notice of appeal within 30 days from December 30, 1994, this court lacks jurisdiction. The Bank further contends that this court is without jurisdiction because Goldman did not appeal from the April 19, 1994, order in which the court denied Goldman's motion to reconsider and found that it lacked jurisdiction.

■ We find both of the Bank's arguments as to lack of jurisdiction to be without merit. Supreme Court Rule 303(a)(1) provides:

"[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed ***, within 30 days after the entry of the order disposing of the last pending post-trial motion." 134 Ill. 2d R. 303(a)(1).

For a motion to qualify as a post-trial motion for purposes of Rule 303, it must be one that specifically requests rehearing, retrial, modification or vacation of judgment. *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 461-62 (1990), quoting 107 Ill. 2d R. 303(a) (a section 2—611 motion for attorney fees is not a post-trial motion within the meaning of Rule 303(a), because it is not " 'directed against the judgment' "); *Rago Machine Products, Inc. v. Shields Technologies, Inc.*, 233 Ill. App. 3d 140, 144 (1992). Furthermore, a motion for stay pending appeal is not a post-trial motion for purposes of Rule 303(a). *In re Petition of the Village of Kildeer to Annex Certain Property*, 162 Ill. App. 3d 262, 280 (1987), *aff'd*, 124 Ill. 2d 533 (1988).

■ In the instant case, Goldman filed his first post-trial motion directed against the judgment on January 19, 1995. Goldman's motions for statutory costs and for a stay pending appeal were not motions directed against the judgment. Goldman's January 19, 1995, post-trial motion was clearly within the 30-day period for filing post-trial motions from the date the judgment became final and appealable on December 30, 1994. Goldman's timely motion to reconsider was denied on April 19, 1995. Thus, his notice of appeal filed on May 18, 1995, within 30 days of the denial of his motion to reconsider, was timely. Additionally, we note that the Bank erroneously asserts, without citation to authority, that Goldman was required to appeal

from the order denying the motion to reconsider. Rule 303(a) only requires that a party file a notice of appeal from the final judgment within 30 days of the denial of any motion to reconsider, not that a party appeal the motion to reconsider. 134 Ill. 2d R. 303(a). Accordingly, the Bank's arguments must be rejected.

■ Although it was not raised by either of the parties, we must mention that Supreme Court Rule 304(b)(3) provides:

> "The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:
>
> * * *
>
> (3) A judgment or order granting or denying any of the relief prayed in a petition under section 2—1401 of the Code of Civil Procedure." 134 Ill. 2d R. 304(b)(3).

Generally, a party who chooses to proceed to trial instead of directly appealing an order vacating a prior judgment is precluded from attacking the order vacating the initial judgment after the subsequent trial and judgment. *In re Marriage of Parker*, 216 Ill. App. 3d 672, 678 (1991). This rule, however, does not render the present appeal untimely because section 270 of the Revenue Act specifically provides that an order vacating a tax deed does not become a final order until: (1) the court enters an order requiring the party vacating the tax deed to reimburse the party holding the tax deed certain statutory costs; and (2) the party holding the tax deed is reimbursed those costs. 35 ILCS 205/270 (West 1992). Here, it was not determined that Goldman had been reimbursed the statutory costs until December 30, 1994. Accordingly, we find that the judgment became a final and appealable order on December 30, 1994. For the reasons previously stated, the appeal was timely.

Turning to the merits, Goldman contends on appeal that the trial court erred in granting summary judgment in favor of the Bank. He first argues that the court erred in setting aside the tax deed based on a finding that he procured the tax deed by fraud.

■ A section 2—1401 petition is considered a new proceeding separate from the proceeding in which the judgment was rendered; therefore, like a complaint, the petitioner must allege and prove the right to the relief sought as in any other civil action. *Krol v. Wincek*, 258 Ill. App. 3d 706, 708 (1994). Section 2—1401 relief in tax deed cases is limited to those cases in which fraud is proved or the judgment is void. *In re Application of County Treasurer*, 92 Ill. 2d 400, 408 (1982). Section 22—45 of the Illinois Revenue Code of 1939 provides in relevant part:

> "Tax deeds issued under Section 22—35 are incontestable except by appeal from the order of the court directing the county clerk to

issue the tax deed. However, relief from such order may be had under Section 2—1401 of the Code of Civil Procedure in the same manner and to the same extent as may be had under that Section with respect to final orders and judgments in other proceedings. *The grounds for relief under Section 2—1401 shall be limited to:*

(1) proof that the taxes were paid prior to sale;

(2) proof that the property was exempt from taxation;

(3) *proof by clear and convincing evidence that the tax deed had been procured by fraud or deception* by the tax purchaser \*\*\*; or

(4) proof by a person or party holding a recorded ownership or other recorded interest in the property that he or she was not named as a party in the publication notice as set forth in Section 22—20, and that the tax purchaser \*\*\* did not make a diligent inquiry and effort to serve that person or party with the notices required by Sections 22—10 through 22—30." (Emphasis added.) 35 ILCS 200/22—45 (West 1994).

Generally, to prevail under section 2—1401, a petitioner must set forth a meritorious defense or claim to the original action in addition to his due diligence in presenting the defense or claim and in filing the petition. *Krol*, 258 Ill. App. 3d at 709. However, when justice and fairness require, a judgment may be vacated even though the requirement of due diligence has not been satisfied. *Skrypek v. Mazzocchi*, 227 Ill. App. 3d 1, 8 (1992) (where default judgment was erroneously entered defendant need not establish due diligence in filing section 2—1401 petition); *In re Petition of Kildeer to Annex Certain Property*, 162 Ill. App. 3d at 278. In particular, the requirement of due diligence will not be strictly enforced where a judgment was obtained by fraud or unfair conduct. *In re Petition of Kildeer to Annex Certain Property*, 162 Ill. App. 3d at 278.

■ In the instant case, the same trial court which had entered an order granting the tax deed later vacated that order on the Bank's motion. In vacating its order, the court stated in its oral pronouncement that clear and convincing evidence existed to show that Goldman knew of the Bank's interest as owner of the property pursuant to the foreclosure of which Goldman had actual knowledge. The court then found that in disregard of that knowledge Goldman fraudulently pursued the petition without giving the Bank proper statutory notice.

While Goldman was arguably not required by statute to give the Bank a second notice in its capacity as owner, we find that Goldman's misrepresentation as to the owner of the property at the November 23, 1993, hearing constituted fraud or deception as a matter of law. Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material

fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1994). Here, the undisputed facts showed that Goldman had a title commitment in his possession at the time notices were sent, which showed that the property was subject to the Bank's foreclosure proceeding. In addition to misrepresenting the true owner of the property, Goldman failed to advise the court of the bankruptcy proceeding and misrepresented to the court that all the notices required by statute had been sent, when in fact Goldman did not serve the trustee in bankruptcy with the required notice. Under the circumstances, we find that the trial court did not abuse its discretion in granting the section 2—1401 petition and the motion for summary judgment thereby allowing the Bank to redeem the property.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN, P.J., and HUTCHINSON, J., concur.