*In re* MARRIAGE OF SUSAN BENNETT, Petitioner-Appellant, and ED-
WARD BENNETT III, Respondent (Roger A. White, Appellee).

Second District   No. 84—158

Opinion filed March 29, 1985.

Paul S. Chervin and Thomas E. Patterson, both of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellant.

Howard A. London, of Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Petitioner, Susan Bennett (Susan), appeals from an order of the circuit court of Lake County striking her verified post-trial motion for a hearing on the reasonableness of attorney fees which she was ordered to pay her former attorney Roger A. White (White) in her marriage dissolution suit. We are called upon to decide whether she is entitled to a hearing on the reasonableness and necessity of the $25,000 attorney fee assessed against her. We reverse and remand for such a hearing.

Petitioner engaged White as her attorney, and he filed a petition for dissolution of her marriage to respondent Edward H. Bennett III (Edward), September 17, 1982. As the result of negotiations, petitioner and respondent entered into an agreement distributing their marital property. A prove-up hearing on the agreement was held on November 29, 1983, and judgment of dissolution was entered January 30, 1984. On February 15, 1984, Susan filed her post-trial petition for a section 508 hearing (Ill. Rev. Stat. 1983, ch. 40, par. 508) on the reasonableness of attorney fees ordered by the trial court pursuant to the entry of the judgment, which incorporated the parties' agreement.

White's motion to dismiss the petition alleged there were no grounds or reasons for a hearing because the $25,000 fee was an agreed fee and had been reduced to judgment. The trial court made no findings and dismissed the petition. Thus, the question on appeal is whether the provisions of section 508 of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1983, ch. 40, par. 508) require a hearing upon a party's request where the amount of a client's own attorney fees is incorporated in the parties' settlement agreement and judgment of dissolution.

■ For purposes of review of an order granting a motion to strike a petition, the well-pleaded allegations therein are taken as true and the motion to strike should not be granted unless it clearly ap-

pears that no set of facts could be proved which will entitle the petitioner to recovery. (*Weinert v. Weinert* (1982), 105 Ill. App. 3d 56, 58, 433 N.E.2d 1158, 1160.) In her post-trial petition, Susan alleged that: when she first engaged White as her attorney he advised her he would charge her $75 to $100 per hour for his time and that she would receive a statement of the amount of time he expended for his services; the first time she heard his fee would be $25,000 was during the November 29, 1983, prove-up; White set the $25,000 figure as his fee without discussion with her as to its appropriateness or a hearing as to its reasonableness under section 508; and, it was her understanding that White would account to her for the $25,000 before entry of the judgment which included the property settlement agreement between Susan and Edward. The agreement recited that Susan was to pay White $21,696.65 and one-half of the parties' anticipated 1982 tax refund of $11,500 as White's fees and costs less amounts already received by White.

The record discloses the following colloquy at the prove-up of the settlement agreement November 29, 1983:

"Q. [White] Each of you are going to pay your own attorneys fees and court costs?

A. [Susan] Yes.

Q. [White] You have paid me some money for which I will give you a credit on the $25,000 that you and I have agreed to on fees?

A. [Susan] Yes."

■■ Generally, in Illinois attorney fees may be awarded to a litigant only when they are expressly authorized by statute or by agreement of the parties; the authority of a trial court to decide matters relating to the Illinois Marriage and Dissolution of Marriage Act is limited to its specific statutory grant, especially when the court is asked to award attorney fees. (*In re Mac Harg* (1983), 120 Ill. App. 3d 753, 754, 458 N.E.2d 1154, 1155; *In re Marriage of Justema* (1981), 95 Ill. App. 3d 483, 486, 420 N.E.2d 796, 798.) The authority of the trial court to award attorney fees and other costs and expenses in the proper case derives from section 508 of the IMDMA (Ill. Rev. Stat. 1983, ch. 40, par. 508). This section allows an award of reasonable attorney fees. Subsection (a) provides for notice and hearing prior to the entry of an order for the payment of attorney fees and costs. Illinois adheres to the general rule that the allowance of such fees and costs in divorce proceedings is not a matter of right (*Barnett v. Barnett* (1950), 341 Ill. App. 26, 93 N.E.2d 93), but rests with the sound discretion of the trial court. In exercising its discretion, the

court may consider, in addition to the abilities of the parties to pay, the questions at issue, the significance or importance of the subject matter, the degree of responsibility involved, standing and skill of the person employed and the time and labor involved. *Donnelley v. Donnelley* (1980), 80 Ill. App. 3d 597, 601-02, 400 N.E.2d 56, 59-60; see also Code of Professional Responsibility, Canon 2—106, 87 Ill. 2d R. 2—106.

■ Prior to the enactment of section 16 of the predecessor divorce act (Ill. Rev. Stat. 1975, ch. 40, par. 16), now section 508 (Ill. Rev. Stat. 1983, ch. 40, par. 508), it was generally held that a court had no jurisdiction to order a party to pay his or her own attorney fees and costs in a divorce proceeding. (*In re Petition of Neiman* (1972), 8 Ill. App. 3d 454, 289 N.E.2d 715.) The attorney had to bring a separate action at law. (*Pressney v. Pressney* (1950), 339 Ill. App. 371, 90 N.E.2d 119.) A contrary position was announced in *Seniuta v. Seniuta* (1977), 49 Ill. App. 3d 329, 364 N.E.2d 327, which held that such actions between a client and his attorney concerning fee awards could be brought in a divorce proceeding because the Illinois Constitution of 1970 (Ill. Const. art. VI, sec. 9 (1970)) abolished the distinction between law and equity. Subsection 508(a) codifies the *Seniuta* decision and makes it clear that the court has authority to adjudicate the liability of either spouse for the attorney fees and costs incurred by the other spouse as well as his or her own attorney fees and costs. Subsection (a) is intended to promote judicial economy by obviating the need for an attorney to sue his own client. Ill. Ann. Stat., ch. 40, par. 508, Hist. & Prac. Notes, at 635 (Smith-Hurd 1980).

■ Where the trial court orders a spouse to pay the fees of his or her own attorney and there is no showing on the record that this fee was unreasonable and where the party never requested a hearing before the trial court, an objection to the fee is waived (*In re Marriage of Lord* (1984), 125 Ill. App. 3d 1, 6-7, 465 N.E.2d 151, 155). However, the trial court in the instant case had no information upon which to base a finding of reasonableness and necessity as required by section 508. As previously mentioned, the court made no such findings. Therefore, under the circumstances of this case, the order to pay attorney fees in the amount of $25,000 was an abuse of discretion. *Donnelley v. Donnelley* (1980), 80 Ill. App. 3d 597, 601-02, 400 N.E.2d 56, 59-60.

■ ■ Further, we conclude based upon the allegations of Susan's petition that her failure to object to the quoted fee and her failure to request a special hearing did not constitute a waiver. Counsel for White on appeal acknowledged that White did not give Susan notice

as required by section 508(a) of his intention to seek the entry of an order in the decree that she pay him $25,000 as his fee. While Susan did not raise the issue at trial or on appeal of lack of notice, we nonetheless conclude it defeats White's waiver argument. A party who waived this question is bound by his waiver, but the court, which has the responsibility of reaching a just decision, understandably is not. (*People v. Hoskins* (1984), 101 Ill. 2d 209, 219.) The rule of waiver is a limitation on the parties and not on the courts, and a reviewing court may ignore the waiver rule in order to achieve a just result. (*Augsberg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329, 333, 431 N.E.2d 58, 61.) Additionally, a fair reading of Susan's petition establishes that she was promised and therefore reasonably expected a statement of account to be forthcoming and implicitly, if White thereby satisfactorily accounted for the time expended at the rate of $75 to $100 per hour, she would pay the $25,000. We believe the allegations, and the implications arising therefrom, explain and excuse her failure to request a hearing at or immediately after the prove-up.

Nor can it be argued reasonably that Susan was in a position to take on her attorney as an adversary to contest the amount of his fee while he was representing her in the prove-up of the settlement of her affairs with Edward. The prove-up hearing which would lead to the final judgment in the dissolution of their marriage was the most critical stage of White's representation of Susan. Under these circumstances, we believe her failure to object is reasonable and excusable.

■ In light of Susan's allegations that she anticipated a statement of account, it was not unreasonable for her to anticipate that such a statement would be forthcoming when the divorce was concluded by the entry of the final judgment which occurred January 30, 1984. When, after the entry of the judgment, no statement of account was forthcoming, it appears that Susan retained new counsel. Thereafter, and within 16 days of the entry of the judgment, she filed her petition. We find that her petition was timely filed. Ill. Rev. Stat. 1983, ch. 110, par. 2—1203; see *In re Marriage of Rifkin* (1983), 114 Ill. App. 3d 555, 449 N.E.2d 173.

White refers us to section 502 of the IMDMA (Ill. Rev. Stat. 1983, ch. 40, par. 502) as binding the court to the terms of the parties' settlement agreement unless it finds the agreement unconscionable. First we note that all the cases relied upon for White's argument in this regard relate to the enforcement of the agreement by *one of the parties to the agreement* (*e.g., In re Marriage of Miller* (1981), 98 Ill. App. 3d 1084, 424 N.E.2d 1342; *Lagen v. Lagen* (1973), 14 Ill. App. 3d 74, 302 N.E.2d 201). While it has been held that an attorney in a

divorce proceeding had standing to appeal from a divorce decree awarding him a certain amount in attorney fees even though not a party to the underlying action (*e.g., Gilmore v. Gilmore* (1975), 28 Ill. App. 3d 36, 328 N.E.2d 562), White has cited no authority that would entitle him to enforce the right granted to the parties to the agreement by section 502, and we have found none.

▮▮ White correctly asserts that Susan did not raise the issue of unconscionability of the parties' settlement agreement. However, section 502 does not appear to be relevant to the question of the authority of the trial court to order attorney fees in dissolution judgments. Section 502 is limited to written or oral agreements containing provisions for "disposition of any property owned by either of them, maintenance and support, custody and visitation of their children." (Ill. Rev. Stat. 1983, ch. 40, par. 502(a).) Therefore, we reject White's contention that the courts are bound by section 502 to the parties' settlement agreement relating to the amount to be paid by a client to her attorney, particularly where the trial court's authority to make the award is expressly provided for in section 508 (Ill. Rev. Stat. 1983, ch. 40, par. 508).

▮▮▮▮ ▮▮ Further, we cannot agree with White's contention that a contract arose between him and Susan for the payment of the $25,000 by reason of her witness-stand assent to that figure and its incorporation into the parties' settlement agreement. Since Susan alleged an agreement for an hourly rate of $75 to $100 and a statement accounting for White's time, White's contention that Susan agreed to a fee of $25,000 while on the witness stand and in the agreement between the parties would constitute a modification of the attorney's employment agreement. It is incumbent upon an attorney to exercise the utmost good faith and fairness in dealing with his client. A fiduciary relationship exists as a matter of law between an attorney and client, and all transactions growing out of such a relationship are subject to the closest scrutiny. A fee arrangement which is modified to an attorney's advantage during the relationship of attorney and client is presumptively fraudulent. The burden is on the attorney to affirmatively prove that the modification was made with unquestionable good faith, fairness, adequacy of consideration and freedom from undue influence. (*Drake v. Becker* (1973), 14 Ill. App. 3d 690, 696, 303 N.E.2d 212, 216.) We do not believe White's conduct under the facts of this case affirmatively prove that the modification was made with unquestionable good faith, fairness, adequacy of consideration and Susan's freedom from the undue influence of risking adequate representation at a critical stage of her divorce proceedings.

In *Crawford v. Crawford* (1976), 39 Ill. App. 3d 457, 461-62, 350 N.E.2d 103, 107, the court observed that a settlement agreement will be set aside and vacated if the agreement is procured by fraud, coercion or is contrary to any rule of law, public policy or morals. Applying that legal principle, among others, the court found that although the agreement was preceded by negotiations between the parties' attorneys, the record was devoid of any evidence that the plaintiff was consulted or advised by her former attorney prior to testifying at the prove-up of the terms of the property and alimony settlement involved in that case. The court reversed the decree of divorce and remanded for a new hearing.

■■■ While *Crawford* is arguably distinguishable because the wife objected to the settlement as soon as the prove-up was over and immediately hired new counsel, we do not find that to be a significant distinction. We have previously accepted the reasonableness of Susan's failure to object at the prove-up and until after the entry of the judgment, whereupon she sought independent advice and filed a timely post-trial petition. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203; see *James v. James* (1958), 14 Ill. 2d 295; see also, *In re Marriage of Rifkin* (1983), 114 Ill. App. 3d 555, 449 N.E.2d 173.) As in *Crawford*, there is no evidence that Susan had foreknowledge of the amount claimed by White on the day of the prove-up. Further, based upon the allegations of her petition which we take as true, she was entitled to a statement accounting for White's time at the rate of $75 to $100 per hour and costs.

Upon remand, the court should hear evidence of what work was done and the value of the services rendered. *Moreau v. Moreau* (1973), 9 Ill. App. 3d 1008, 1009, 293 N.E.2d 680, 681 (where the reviewing court reversed for a new attorney fees hearing in part because the record contained no bills, no written accounts and no detailed breakdown of the nature and necessity of the services performed by the attorney).

In sum, we reverse the order of the circuit court of Lake County denying Susan's post-trial petition for a section 508 hearing on the reasonableness and necessity of White's attorney fees and remand the cause for such a hearing.

Reversed and remanded.

NASH, P.J., and REINHARD, J., concur.