*In re* MARRIAGE OF JOANNE PITULLA, Petitioner-Appellant, and SAMUEL PITULLA, Respondent (Richard A. Rinella, Appellee).

First District (3rd Division)   Nos. 84—271, 84—1299 cons.

Opinion filed March 19, 1986.—Rehearing denied April 16, 1986.

Andrew J. Maxwell and Stephen G. Seliger, both of Chicago, for appellant.

Richard A. Rinella, of Chicago, for appellee *pro se*.

PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Petitioner, Joanne Pitulla, appeals from an order of the circuit court dismissing her 2—1401 petition to vacate that part of a judgment of dissolution of marriage which provides for her to pay an attorney's fee of $10,000 to her attorney, Richard Rinella. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401.) Pitulla additionally appeals from a judgment of $3,500 entered against her pursuant to Rinella's 2—611 petition for sanctions. (Ill. Rev. Stat. 1983, ch. 110, par. 2—611.) We reverse the dismissal of Pitulla's 2—1401 petition, reverse the judgment of $3,500 against Pitulla, and remand.

Pitulla retained the services of attorney Richard Rinella to represent her in a dissolution of marriage action, and she paid him a retainer of $1,500. No written retainer agreement was prepared and no attorney fee amount was stated. Rinella filed a petition for dissolution of the marriage and subsequently prepared a draft for a marital settlement agreement. In the draft, Pitulla was to receive $250,000 as her property settlement, and her spouse was to pay her attorney fee of $10,000. After receiving the draft, Pitulla and her spouse agreed that she would receive $200,000, rather than $250,000, as her property settlement, and she would pay her own attorney fee. Pitulla indicated the changes in the draft for the marital settlement agreement to Rinella. He revised the agreement accordingly. The revised agreement also provided for Rinella to receive $8,500 as his fee, in addition to the $1,500 retainer that already had been paid to him.

There was a prove-up for dissolution of the marriage. No attorney fee petition was filed at the prove-up. Immediately following the prove-up, Pitulla requested an itemized bill from Rinella for his services before making payment. Rinella refused the request but told her that the judgment for dissolution of the marriage would not be entered until she paid his fee in full. On September 30, 1981, Pitulla paid Rinella the $8,500 balance due for the attorney fee, even though she had not received an itemized bill. The judgment for dissolution of the marriage was entered on October 14, 1981. The judgment included a provision that Pitulla pay Rinella $10,000.

In November 1981, Pitulla contacted Rinella to obtain a copy of the judgment for dissolution of the marriage, and she again requested an itemization of Rinella's services. In response, Pitulla received a statement which indicated that of her total fee of $10,000, "$5,000 was for tax advice and $5,000 for matrimonial representa-

tion."[1] Pitulla attempted to contact Rinella several times for an itemization of his services, but she received no further reply. Finally, in early April 1982, she contacted Rinella for a meeting to discuss the attorney fee, but Rinella refused.

On April 10, 1982, Pitulla filed a complaint with the Chicago Bar Association's committee on professional fees regarding Rinella's attorney fee. The committee found that it lacked authority to take any action because Rinella refused to submit the fee dispute to arbitration and the fee had been reduced to judgment. The committee closed its file on the case in September 1982. Pitulla then filed a complaint with the Attorney Registration and Disciplinary Commission on November 28, 1982. The Commission took no action on the matter and closed its file in July 1983.

In September 1983, Pitulla filed a 2—1401 petition supported by an affidavit to vacate that part of the judgment of dissolution of her marriage which provides for the $10,000 attorney fee and to have an evidentiary hearing on the reasonableness of the attorney fee. Rinella filed a motion to strike and dismiss the petition. Pitulla's request for an evidentiary hearing on the petition was denied, and the petition was dismissed for lack of diligence. Rinella then filed a 2—611 petition for sanctions against Pitulla for filing a 2—1401 petition that was false and without reasonable cause. Rinella sought attorney fees and costs relating to Pitulla's 2—1401 petition. Subsequently, Rinella filed a supplemental 2—611 petition in which he sought more attorney fees and costs. Pitulla filed a response, and a hearing was held at which Pitulla and Rinella testified. The trial court granted Rinella's 2—611 petition for sanctions against Pitulla and entered a judgment against

---

[1]Rinella's divided bill to Pitulla raises the question of whether the $5,000 portion of the bill designated as tax advice was for tax advice related to the maintenance or defense of any proceeding under the Marriage and Dissolution of Marriage Act, the enforcement or modification of any order or judgment under the Act, or to preparation of the commencement of the proceeding brought under the Act. Providing tax relief to a client by designating a part of the total bill for legal services as tax advice may be a common practice among attorneys who obtain judgments against their clients pursuant to section 508 of the Act. However, section 508 was never intended to be used as a vehicle to obtain a judgment for attorney fees for all kinds of legal services performed on behalf of a client. Rather, a judgment for attorney fees under the Act may only be for legal services "made in connection with" the specific provisions of section 508. On remand, the trial court shall take this observation into consideration to ensure that a judgment for Rinella's attorney fee under section 508 includes only tax advice made in connection with the five enumerated subparagraphs of section 508(a). Tax advice not related to the five enumerated subparagraphs may not be included in a judgment for attorney fees entered under section 508.

her for $3,500 as a sanction for filing a 2—1401 petition that was false and without reasonable cause. ·

We first address the dismissal of Pitulla's 2—1401 petition. In order to be granted, a 2—1401 petition must show that the petitioner acted diligently in pursuing a meritorious claim and that the petition was not negligent in not presenting the claim to the trial court at the time the original judgment was entered. See *Halas v. Executor of the Estate of Halas* (1983), 112 Ill. App. 3d 940, 948, 445 N.E.2d 1264, 1270; *In re Marriage of Rifkin* (1983), 114 Ill. App. 3d 555, 559, 449 N.E.2d 173, 176.

As to whether Pitulla was diligent in pursuing her claim after the judgment for Rinella's attorney fee was entered against her, we initially observe that almost two years elapsed from the time that the judgment was entered to the time that Pitulla filed her 2—1401 petition. However, it is clear that during that entire time period, she repeatedly attempted to obtain an itemization of Rinella's services, but he rebuffed all of her efforts. During that time frame, it was Rinella's refusal to give Pitulla an itemization of his services which caused Pitulla to file complaints with both the Chicago Bar Association committee on professional fees and the Attorney Registration and Disciplinary Commission. During oral arguments before this court, Rinella frankly admitted that correspondence regarding the fee dispute was being exchanged between him and the two committees, and between him and Pitulla.

In today's litigious society, courts and the legal profession must encourage the pursuit of out-of-court methods to resolve disputes. Here, it is obvious that Pitulla diligently and vigorously pursued every reasonable out-of-court method available to her before filing her 2—1401 petition within the two-year period allowed by the statute. To hold that a delay resulting from the pursuit of out-of-court efforts to settle a dispute is fatal to the filing of a 2—1401 petition would not only be unreasonable but it would also be inconsistent with sound judicial policy. We therefore conclude that Pitulla was diligent in pursuing her claim after the judgment for Rinella's attorney fee was entered against her.

We next address whether Pitulla's 2—1401 petition satisfactorily shows that her claim may be meritorious and whether she lacked diligence or was negligent in not presenting her claim to the trial court at the time the judgment for Rinella's fee was entered against her. We will also consider whether she waived her right to present the claim, and whether she is entitled to an evidentiary hearing to determine the merits of her claim.

The judgment for Rinella's attorney fee was entered pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act. While section 508 permits judicial economy by eliminating the need for an attorney to sue his own client in a separate action to obtain a judgment for his attorney fee, we must not lose sight of the fact that it also places an attorney and his client in adversary positions during the course of court proceedings. Moreover, the situation presents a circumstance where the client is not represented by counsel, although he or she is being opposed by counsel on a matter in which a judgment may be entered against the client. Plainly, what is permitted by section 508 is unique in, and is otherwise inimical to, the legal profession.

As a result, we must be circumspect that the attorney's right under the statute does not in any way encroach upon the rights of his client. In this regard, we must make sure that the client does not waive any right by his or her own admission or inaction. We therefore conclude that if a judgment for an attorney fee is entered against a client pursuant to section 508, the client's right to an itemized statement showing the time and labor of the attorney is not waived merely because the attorney fee was included in the judgment dissolving the marriage, or because the client signed the marital settlement agreement which is incorporated in the judgment for dissolution, or because the client assented to the amount of the attorney fee. In addition, we conclude that the client's right to an itemized statement is not waived because the client failed to object to the amount of the attorney fee or failed to request a section 508 hearing prior to the entry of the judgment. Moreover, we conclude that if after the judgment for the attorney fee is entered the attorney refuses to provide the client with a bona fide itemized statement of his services, the client has a right to an evidentiary hearing to determine the reasonableness of the attorney fee pursuant to a 2—1401 petition. This is true whether or not the client had advanced a retainer or paid earlier billings. See *In re Marriage of Angiuli* (1985), 134 Ill. App. 3d 417, 422-23, 480 N.E.2d 513, 518.

Rinella contends that because the $10,000 amount for the attorney fee was a fixed fee, he is not required to furnish Pitulla with an itemized statement of his services. We disagree. We believe that in every contract for hire between an attorney and his client, there is implied in the contract the client's right to always know what the attorney did or does, and how much time he took to do it. The time-honored ideals of the legal profession and the continuing need for public confidence in the legal profession demand this conclusion.

■ We also believe that a client is permitted to prove that his or her attorney fee is excessive or otherwise unreasonable even though he or she assented to a fixed attorney fee. Although attorneys should be free to adjust their fees to whatever the legal marketplace will bear, the public is entitled to protection to the extent that an attorney fee must be reasonable irrespective of whether the fee is determined per diem or by a fixed contractual provision. To illustrate, *In re Kutner* involved a fixed contractual attorney fee that had been assented to by the client. The court stated:

> "The Hearing Board concluded that respondent spent between 5 and 6 hours on Fisher's case, while respondent estimated his total time commitment at approximately 10 hours. *Respondent stressed, however, that he did not want this disciplinary action resolved by computing a reasonable fee on an hourly basis. Rather, respondent seeks to rely on, as he refers to it, the 'law of fixed fees.'* However, even a cursory reading of DR 2—106 [Disciplinary Rule 2—106 of the Illinois Code of Professional Responsibility] leads one to the inescapable conclusion that the time required to perform a legal task is a factor to consider in attempting to determine whether a fee is excessive. Even conceding that respondent spent 10 hours on the case, respondent was paid at a rate of $500 per hour.
>
> Considering the time and labor expended, the fee customarily charged, and all of the other elements of DR 2—106, we find a $5,000 fee for representation of Fisher in a routine battery case which never went to trial not only excessive, but unconscionable." (Emphasis added.) *In re Kutner* (1979), 78 Ill. 2d 157, 165-66, 399 N.E.2d 963, 966.

■ Thus, we reject Rinella's contention that he is not required to furnish Pitulla with an itemized statement of his services, and we conclude that Rinella's refusal to provide Pitulla with a bona fide statement of his services entitled Pitulla to an evidentiary hearing to determine the reasonableness of his fee. We also conclude that Pitulla's 2—1401 petition satisfactorily shows that she acted diligently in pursuing a claim that may be meritorious, that she did not waive her right to present the claim, and that she was not negligent in not presenting her claim to the trial court at the time the judgment for Rinella's fee was entered against her.

■ We next review the judgment of $3,500 entered against Pitulla as a sanction pursuant to Rinella's 2—611 petition. Although the trial court conducted a hearing and heard the testimony of Pitulla and Rinella concerning Rinella's 2—611 petition, no findings of fact were

made as to which allegations in Pitulla's 2—1401 petition were untrue or without reasonable cause as claimed by Rinella. The record demonstrates that the trial court granted Rinella's motion to dismiss Pitulla's 2—1401 petition solely on the basis of a lack of diligence. Thus, there are no findings of fact anywhere in the record as to which allegations in Pitulla's 2—1401 petition were untrue or without reasonable cause. Moreover, nothing in the record supports such a finding of fact or the imposition of sanctions against Pitulla. We therefore conclude that the trial court abused its discretion in imposing sanctions against Pitulla, and that the trial court erred in entering the judgment against her for $3,500.

Accordingly, the judgment in favor of Rinella and against Pitulla for $3,500 is reversed. The order dismissing Pitulla's 2—1401 petition is reversed, and the case is remanded for an evidentiary hearing to determine the reasonableness of Rinella's attorney fee and the merits of Pitulla's 2—1401 petition.

Reversed in part; reversed and remanded in part.

McNAMARA and WHITE, JJ., concur.