2019 IL App (2d) 180285
No. 2-18-0285
Opinion filed March 11, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| AMY E. KEATON, | ) | of Lake County. |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | No. 15-D-1410 |
| | ) | |
| MICHAEL J. KEATON, | ) | |
| | ) | |
| Respondent-Appellant | ) | |
| | ) | Honorable |
| (K&R Family Legal Services, LLP, and | ) | Raymond Collins, |
| L. Steven Rakowski, Appellees). | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Jorgensen and Spence concurred in the judgment and opinion.

**OPINION**

¶ 1    Respondent, Michael J. Keaton, appeals from the denial of his motion to vacate an order of the circuit court of Lake County awarding attorney fees to K&R Family Legal Services, LLP (K&R), and L. Steven Rakowski for work performed in Keaton's divorce proceeding. Keaton contends that the hearing on K&R's fee petition should not have been held, because the petition did not comply with the controlling statute's filing requirements. He also challenges the circuit court's findings and fee award. For the reasons that follow, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Keaton, an attorney, represented himself in the divorce proceeding, which was initiated by petitioner, Amy E. Keaton.  Keaton engaged attorney L. Steven Rakowski of K&R to assist him.  Keaton and Rakowski executed a written engagement agreement providing for a $2500 retainer, which could be exceeded only by executing a further writing.

¶ 4    Following the judgment of dissolution of marriage, K&R filed a petition to set final attorney fees and costs against Keaton, pursuant to sections 508(a) and 508(c)(2) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(a), 508(c)(2) (West 2016)).  The petition sought an award of $33,422.86.  Keaton filed a response to the petition, objecting on the ground that, because the petition did not include a copy of the engagement agreement and therefore did not comply with the requirements of section 508(c)(2), the circuit court should not hold a hearing on the petition.  Keaton relied on the following provisions of section 508(c)(2):

> "(2) No final hearing under this subsection (c) is permitted unless: (i) the counsel and the client had entered into a written engagement agreement at the time the client retained the counsel (or reasonably soon thereafter) and the agreement meets the requirements of subsection (f); (ii) the written engagement agreement is attached to an affidavit of counsel that is filed with the petition or with the counsel's response to a client's petition ***."  *Id.* § 508(c)(2).

Keaton also argued that awarding K&R $33,422.86 of the $291,586.90 total costs incurred for legal services would be excessive because Keaton performed "over 88% of the work" and K&R had already received interim fee awards.

¶ 5    K&R filed a reply acknowledging that the engagement agreement, although discussed in the petition and referenced as "Exhibit A," was not attached to the petition, due to "administrative oversight."  A copy of the agreement and a "Statement of Client's Rights and

Responsibilities," as required under section 508(f) of the Act (*id.* § 508(f)), were attached as "Exhibit A" to the reply. K&R also noted that it had attached to the petition an "Affidavit of Counsel Supporting Petition for Final Attorney's Fees and Costs."

¶ 6    A hearing on the fee petition was set for December 13, 2017, at 9 a.m. Keaton did not attend. The court found that K&R had satisfied the requirements of section 508 of the Act and had established by "credible evidence the reasonableness of [Rakowski's] rate and the necessity of all services performed." The court entered a judgment against Keaton in the amount of $33,422.86. The record on appeal contains no report of the hearing.

¶ 7    Keaton filed a motion "to vacate or for rehearing on the judgment order," in which he stated that he was absent from the hearing because he had incorrectly docketed the time. Keaton again argued that the hearing should not have been held, due to K&R's failure to file a copy of the engagement agreement with the petition for fees. Therefore, Keaton asserted, the judgment should be vacated "in its entirety." At the hearing on the motion, Keaton acknowledged that the engagement agreement was on file when the hearing was held, but he argued that, under the statute, it had to have been filed with the fee petition. The court disagreed, stating "I think it has to be attached before the judgment is entered," and denied the motion. The court's written order included a finding under Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010).

¶ 8                                    II. ANALYSIS

¶ 9    "[A] trial court's decision to award or deny fees will be reversed only if the trial court abused its discretion." *In re Marriage of Schneider*, 214 Ill. 2d 152, 174 (2005). "A trial court abuses its discretion only where no reasonable person would take the view adopted by the trial court." *Id*. at 173. Moreover, "[a]ll reasonable presumptions are in favor of the action of the trial court, and, absent an affirmative showing to the contrary, the reviewing court will assume that

the trial court understood and applied the law correctly." *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 24. To the extent that a resolution of the issues involves statutory interpretation, our review is *de novo*. *In re Davontay A.*, 2013 IL App (2d) 120347, ¶ 24.

¶ 10 The gist of Keaton's first argument is that the trial court improperly allowed K&R to file its Exhibit A, containing a copy of the engagement agreement and "Statement of Client's Rights and Responsibilities," with its reply to Keaton's response to its fee petition, rather than with the petition itself. A decision to allow an amendment to a pleading, however, rests within the sound discretion of the trial court, and its decision will not be reversed absent a showing of an abuse of that discretion. *Century National Insurance Co. v. Tracy*, 316 Ill. App. 3d 639, 646 (2000). In determining whether to permit an amendment to a pleading, a trial court considers "(1) whether the amendment cured a defective pleading; (2) whether the amendment prejudiced or surprised the other parties; (3) whether the amendment was timely; and (4) whether previous opportunities to amend were identifiable." *Id.*

¶ 11 Here, the record supports K&R's explanation that omitting Exhibit A from its initial filing was an "administrative oversight." The engagement agreement is referenced in the petition as "Exhibit A," and several of its provisions are discussed in the petition. Amending the petition to add the missing exhibit cured the petition of an obvious defect. The amendment could not have prejudiced or surprised Keaton, as Keaton was a party to the agreement and had executed it two years before it was added to the petition. The amendment was timely in that it was filed and served a week before the scheduled hearing. It was also filed at the first identifiable opportunity, five days after Keaton pointed out its omission in his response to the petition. We cannot say that the trial court abused its discretion in permitting K&R to amend its petition by including the missing Exhibit A.

¶ 12    In its brief, K&R posited that Keaton's statutory argument was actually a challenge to the circuit court's jurisdiction to hear the fee petition.  At oral argument, Keaton, who did not file a reply brief, agreed with K&R that the circuit court properly exercised subject matter jurisdiction over the petition.  Because we have "an independent obligation to consider matters that go to the jurisdiction of the circuit court" (*Bradley v. City of Marion*, 2015 IL App (5th) 140267, ¶ 13), we confirm the parties' position.

¶ 13    "Subject matter jurisdiction refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs."  (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 12.  With the exception of the circuit court's power to review an administrative action, "the jurisdiction of the circuit court is conferred by the constitution, not the legislature." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 336 (2002) (rejecting case law suggesting that the legislature may impose nonwaivable conditions precedent to a court's exercise of jurisdiction).  Moreover, the filing of a fee petition "is a procedural requirement of section 508 of the Act, not a jurisdictional requirement." *In re Marriage of Baniak*, 2011 IL App (1st) 092017, ¶ 16.  "[P]rocedural matters may be corrected in the trial court whereas questions of jurisdiction cannot." *In re Marriage of Pagano*, 181 Ill. App. 3d 547, 554 (1989).  Accordingly, in this case, we cannot say that omitting the engagement agreement when the fee petition was filed divested the circuit court of subject matter jurisdiction to hear the petition.

¶ 14    Keaton also challenges the circuit court's findings at the hearing and its award of fees to K&R.  Keaton, however, has failed to provide this court with a transcript (or substitute) of the hearing.  As the appellant, Keaton had the burden to present a sufficiently complete record of the proceedings to support his claim of error.  See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

In the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Id.* at 392. Any doubts that arise from the incompleteness of the record will be resolved against the appellant. *Id*. Accordingly, "under *Foutch*, we must presume that the trial court's order here is in conformity with the law and had a sufficient factual basis." *In re Marriage of Baniak*, 2011 IL App (1st) 092017, ¶ 30.

¶ 15    Finally, Keaton argues that the circuit court's award to K&R in excess of the $2500 retainer amount stated in the engagement agreement was an abuse of discretion, because the engagement agreement contemplated a further writing in order to exceed the retainer amount and the record contains no such writing. We disagree.

¶ 16    During the 14 months that preceded the final fee award, K&R received interim fee awards totaling $30,000. Keaton did not object to these fee awards; in fact, he, as well as Amy's attorney, received interim fee awards in the same amounts as K&R. At oral argument, Keaton volunteered that the orders entering the interim fee awards were "agreed orders." We further note that, with the entry of the judgment of dissolution of marriage, the interim fee awards became final. *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 755 (2006). In our opinion, Keaton's voluntary accession to interim fees that exceeded the amount stated in the engagement agreement, as memorialized in the agreed orders granting the interim fee awards, together with the finality of the dissolution order, suffice to satisfy the engagement agreement's writing provision. Finally, we note that the judge who signed the interim fee orders and final dissolution order also presided at the hearing on K&R's final fee petition and entered the final award. Without a record of the hearing, we presume that he was aware of Keaton's and K&R's intent to

exceed the retainer amount and of any additional efforts of K&R on behalf of Keaton. Accordingly, we find no abuse of discretion in the circuit court's $33,422.86 fee award to K&R.

¶ 17                                    III. CONCLUSION

¶ 18     For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 19     Affirmed.